IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Beeson Development, LLC, and J and E )
Holdings LLC, South Carolina Limited )
Liability Companies, and Joseph A. C. )
Beeson, individually, )
)
               Plaintiffs, )   C.A. No. 8:18-1318-HMH
)
     vs. )
)   **OPINION & ORDER**
Anderson County, a Political Subdivision )
of the State of South Carolina, )
)
               Defendant. )

This matter is before the court on Beeson Development, LLC, J and E Holdings LLC, and Joseph A.C. Beeson's ("Beeson") (collectively "Plaintiffs") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On August 7, 2019, Anderson County filed a motion for summary judgment. (Mot. Summ. J., ECF No. 136.) The court granted Anderson County's motion for summary judgment for Plaintiffs' remaining claims asserting a due process violation and inverse condemnation against Anderson County.[1] (Sept. 23, 2019 Order, ECF No. 152; Am. Compl. ¶¶ 195-202, 231-237, ECF No. 98.) Plaintiffs filed a motion to alter or amend judgment on October 21, 2019. (Mot. to Alter, ECF No. 154.) On November 4, 2019, Anderson County filed a response. (Resp., ECF No. 155.) After

---

[1] The other defendants, and the claims brought against them, were dismissed from this action in orders dated April 23, 2019 and July 16, 2019. (Apr. 23, 2019 Order, ECF No. 113; July 16, 2019 Order, ECF No. 132.)

1

receiving one extension of time, Plaintiffs filed a reply on December 16, 2019. (Reply, ECF No. 168.) This matter is now ripe for review.

## I. Discussion of the Law

### A. Standard of Review

"There are three circumstances in which the district court can grant a Rule 59(e) motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal quotation marks and citation omitted). Under Rule 59(e), a district court may "correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). However, Rule 59(e) motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. (citations omitted). This "extraordinary remedy . . . should be used sparingly." Id. (internal quotation marks and citation omitted).

### B. Due Process Violation

Plaintiffs have raised a number of arguments for the first time in their Rule 59(e) motion. Thus, these new arguments are improper. Moreover, the arguments are meritless. However, in the interest of clarity, the court will address these arguments.

Plaintiffs argue that S.C. Code Ann. § 6-29-1150(A) affords them a property right to support their due process claim. (Reply 8, ECF No. 154.) Under section 6-29-1150(A),

2

planning commissions must take action on submitted "sketch plans, preliminary plans, and final plans" within sixty days of receipt. Failure to act within sixty days is "considered to constitute approval." S.C. Code Ann. § 6-29-1150(A). While Plaintiffs have previously relied on section 6-29-1150(A) for their inverse condemnation claim, Plaintiffs now rely on this statute, for the first time in their Rule 59(e) motion, to support their due process claim. (See Reply 8, ECF No. 154; Resp. Opp'n Mot. Summ. J. 10, ECF No. 144.) Therefore, this new argument is improper at this stage.

Further, Plaintiffs' argument is meritless. Plaintiffs' due process claim is based on three grounds: that Anderson County violated their due process rights by (1) granting an encroachment permit to a neighboring developer; (2) denying Plaintiffs' statutory and constitutional right to appeal from Anderson County's decision to grant the encroachment permit; and (3) violating the Anderson County Code ("ACC"). (Am. Compl. ¶¶ 195-202, ECF No. 98; Resp. Opp'n Mot. Summ. J. 14-16, ECF No. 144.) In contrast, section 6-29-1150(A) deals with planning commissions' decisions regarding "sketch plans, preliminary plans, and final plans[.]" Thus, any potential property right that section 6-29-1150(A) may afford Plaintiffs relates solely to the approval of Plaintiffs' development plans, which, according to the amended complaint and summary judgment pleadings, is not at issue under this due process claim. Consequently, section 6-29-1150(A) fails to provide Plaintiffs with any property right in an encroachment permit granted to a neighboring developer, a hearing for an appeal, or violations of the ACC.

Further, even if Plaintiffs' development plans were at issue under their due process claim, this claim would still be unsuccessful because Plaintiffs failed to appeal the Anderson

County Planning Commission's ("Planning Commission") decision within thirty days. Rockville Cars, LLC v. City of Rockville, Md., 891 F.3d 141, 149 (4th Cir. 2018) ("[N]o § 1983 procedural due process violation exists when a party fails to exhaust both administrative and state court remedies []."); S.C. Code Ann. § 6-29-1150(D) (providing for appeals from planning commissions "to the circuit court within thirty days after actual notice of the decision.").

Additionally, in the instant motion, Plaintiffs contend that their neighboring developer should have been required to obtain a variance under the ACC. (Mem. Supp. Mot. to Alter 3, ECF No. 154-1.) Thus, Plaintiffs argue that the failure to require a variance violated their due process rights. (Id. at 4, ECF No. 154-1.) In support of this argument, Plaintiffs cite to S.C. Code Ann. § 6-29-800(A)(2)(d), which delineates that boards of appeals must consider, among several factors, adjacent property when deciding whether to grant a variance. (Id., ECF No. 154-1.) Again, Plaintiffs did not raise this statute in their amended complaint or opposition to summary judgment. Therefore, this argument is improper at this stage. Moreover, Plaintiffs have failed to cite any authority showing that this creates a cognizable property right sufficient for relief under the Fourteenth Amendment. To survive a motion for summary judgment, Plaintiffs have the burden of making a showing sufficient to establish the existence of the essential elements of their claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Failure to do so necessitates a finding that there is no genuine issue as to any material fact. Id. Plaintiffs have failed to meet this burden.

However, the court committed a scrivener's error in its previous order. The court indicated that the Planning Commission granted an encroachment permit to a neighboring developer for trash collection vehicles, Plaintiffs appealed the Planning Commission's decision,

and, in its analysis, the Accardi doctrine did not apply to state or local planning commissions. (Sept. 23, 2019 Order 4, 6-7, ECF No. 152.) By way of clarification, the court should have indicated that the Anderson County Roads and Bridges Department, not the Planning Commission, decided to grant this encroachment permit for emergency access, Plaintiffs appealed the Roads and Bridges Department's decision, and the Accardi doctrine did not apply to state or local Roads and Bridges Departments. However, this change has no impact on the outcome because Plaintiffs failed to show that they had a cognizable property right.

### C. Inverse Condemnation

As detailed in the previous order, courts generally analyze three factors for inverse condemnation claims: (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations[,]" and (3) "the character of the government action." See Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978).

Plaintiffs argue, for the first time in their Rule 59(e) motion, that S.C. Code Ann. § 6-29-1150(A) provides them with investment-backed expectations sufficient to establish a taking. (Mem. Supp. Mot. to Alter 11-14, ECF No. 154-1.) Plaintiffs cited this statute previously, but only in the context of the character of the government action. (Resp. Opp'n Mot. Summ. J. 9-10, ECF No. 144.) Therefore, this new argument is improper in a Rule 59(e) motion.

Moreover, Plaintiffs' reliance on section 6-29-1150(A) for their inverse condemnation claim is meritless. It is undisputed that the Planning Commission did not act within sixty days and denied Plaintiffs' plans on the sixty-first day. (Am. Compl. ¶¶ 42, 62, 86, 102, 154, 167,

5

ECF No. 98; Resp. 9 & n.4, ECF No. 155.)  However, the court finds that because the Planning Commission initially had discretion to approve or deny Plaintiffs' plans, Plaintiffs did not gain sufficient investment-backed expectations in one day.  Moreover, even if Plaintiffs developed investment-backed expectations, the other two factors still show that there was no taking.

"Resolving the routine land-use disputes that inevitably and constantly arise . . . is simply not the business of federal courts[,]" and thus, "federal courts should be extremely reluctant to upset the delicate political balance at play in local land-use disputes." Gardner v. City of Baltimore Mayor & City Council, 969 F.2d 63, 67-68 (4th Cir. 1992).  Plaintiffs could have appealed the Planning Commission's decision within thirty days to the appropriate circuit court, yet they failed to do so.  Based on the foregoing and for the reasons stated in the court's September 23, 2019 Order granting summary judgment, Anderson County is entitled to summary judgment on Plaintiffs' due process and inverse condemnation claims arising under the Fourteenth and Fifth Amendments respectively.

Therefore, it is

**ORDERED** that Plaintiffs' motion to alter or amend judgment, docket number 154, is denied.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                       Senior United States District Judge

Greenville, South Carolina
January 9, 2020